FILED

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

2014 NOV 12 P 1:10

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 14-494S

**Brenda Pimental,** and
**Luis Pimental,**
    Plaintiffs,

vs.

**Wells Fargo Bank, NA,** and
**Harmon Law Offices, PC,**

    Defendants.

Jury Trial Requested

---

## Complaint

### Introduction

1. The Defendants attempted to collect a debt from the Plaintiffs that they do not owe. The Plaintiffs bring this action alleging the Defendants therefore engaged in prohibited conduct while attempting to collect an alleged consumer debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). They seek statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff Brenda Pimental also allege the Defendants' conduct constituted an invasion of her statutory right to privacy in violation of RIGL 9-1-28.1 *et seq*.. She seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the invasion of privacy claim.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff Brenda Pimental is a resident of this District and the conduct complained of took place, via the mail, in this District.

**Parties**

6. The Plaintiff Brenda Pimental is an adult resident of the municipality of Pawtucket, County of Providence, State of Rhode Island.

7. The Plaintiff Luis Pimental, sometimes known as Louis Pimental, is an adult and former resident of the municipality of Pawtucket, County of Providence, State of Rhode Island.

8. The Defendant Wells Fargo Bank, NA (Wells Fargo), business entity doing business in Rhode Island.

9. Wells Fargo does business in Rhode Island by collecting mortgage debts from Rhode Island residents using the name America's Servicing Company (ASC).

10. ASC is a fictious name for Wells Fargo Bank, NA.

11. The Defendant Harmon Law Offices, PC (Harmon), is a corporation registered with the Rhode Island Secretary of State to, and doing, business in Rhode Island.

12. Harmon does business in Rhode Island by attempting to collect mortgage debts from, and/or conducting mortgage foreclosure proceedings against, Rhode Island residents.

**Factual Basis for All Counts**

13. Prior to 2008, the Plaintiffs executed a Promissory Note and Mortgage, thereby incurring a debt, primarily for their personal and/or family purposes. (Hereinafter the debt arising from the Promissory Note and Mortgage shall be referred to as the "Debt.")

14. The Plaintiffs lived in the property that was the subject to the Mortgage, specifically 44 Nevada Avenue, East Providence, Rhode Island. (Hereinafter the "Property.")

15. In 2008, ASC attempted to collect payments on the Debt from the Plaintiffs.

16. At the time ASC acquired the right to collect the payments from the Plaintiffs, the Plaintiffs had not made at least one payment due under the Promissory Note and Mortgage and the Debt was in default.

17. In late 2008, the Plaintiffs filed a lawsuit in Rhode Island Superior Court, for Providence County, against a number of parties associated with the Promissory Note and Mortgage.

18. The Superior Court assigned the lawsuit Civil Action number 2008-7014.

19. The lawsuit was removed to the U.S. District Court for the District of Rhode Island.

20. The District Court assigned the case Civil Action number 2008-483.

21. The parties resolved the lawsuit through a Settlement Agreement and Mutual Release (Settlement) in early 2012.

22. ASC signed, and was a party to, that Settlement.

23. After signing the Settlement, the Plaintiffs vacated the Property and surrendered it to ASC.

24. The lawsuit was dismissed by a Stipulation of Dismissal ASC filed on February 21, 2012.

25. Attorney Shanna Boughton, then of the law firm Litchfield Cavo, LLP, was the attorney for ASC who filed the Stipulation of Dismissal.

26. The Settlement included a paragraph imposing certain obligations on the parties to keep certain matters confidential.

27. Later in 2012, after the case had been dismissed and they had vacated and surrendered the Property, the Plaintiffs learned ASC believed they still owed the Debt.

28. In November of 2012, the Plaintiffs did not owe the Debt.

29. In November 2012, ASC used PO Box 10388, Des Moines, IA 50306, as a mailing address.

30. On November 7, 2012, the Plaintiff mailed a letter to ASC at PO Box 10388, Des Moines, IA 50306.

31. The Plaintiffs have a Certificate of Mailing from the United States Postal Service confirming they mailed a letter to ASC at that address on that date.

32. At some point, ASC received the letter the Plaintiffs mailed it on November 7, 2012.

33. The Plaintiffs also mailed a copy of the letter to attorney Shanna Boughton, at Litchfield Cavo, LLP, on November 7, 2012.

34. The letter the Plaintiffs sent to ASC and Attorney Boughton on November 7, 2012, listed the number of the District Court lawsuit and explained ASC was wrongfully still trying to collect the Debt from them.

35. Had ASC exercised any care, it would have known the Plaintiffs no longer owed the Debt prior to receiving the Plaintiffs' letter of November 7th.

36. Had ASC exercised any care after receiving the Plaintiff's letter of November 7th, it would have confirmed the Plaintiffs no longer owed the Debt.

37. Had ASC contacted the attorney who filed the Stipulation of Dismissal on its behalf after it received the Plaintiffs' letter of November 7th, it would have confirmed the Plaintiffs no longer owed the Debt.

38. Had ASC investigated the detailed explanation the Plaintiffs included in their letter of November 7th, it would have confirmed the Plaintiffs no longer owed the Debt.

39. After receiving the Plaintiff's letter of November 7th, ASC continued to try to collect the Debt from the Plaintiffs.

40. On or about February 18, 2014, ASC sent the Plaintiffs a letter asserting the Plaintiffs still owed the Debt.

41. ASC sent the letter in an attempt to collect the Debt from the Plaintiffs.

42. The letter:

   a. identified the sender as "ASC America's Servicing Company;"

   b. included a return address of "PO Box 10388, Des Moines, IA 50306-0388;"

   c. included a payment coupon to be mailed to "America's Servicing Company;"

   d. did not contain the words Wells Fargo anywhere on its front;

   e. did not identify the Debt as being owed to Wells Fargo;

   f. did not state ASC was collecting for Wells Fargo; and

   g. did not state ASC was collecting for a third party.

43. Through the letter, ASC attempted to collect the Debt from the Plaintiffs using a name other than the entity to whom it was owed.

44. ASC has sent the Plaintiffs no fewer than 10 letters attempting to collect the Debt after the Plaintiffs no longer owed the Debt.

45. In late October or early November 2014, Harmon sent the Plaintiffs letters asserting the Plaintiffs still owed the Debt and informing them that Harmon might institute foreclosure proceedings against them.

46. Harmon informed the Plaintiffs it would publicize the foreclosure proceedings in a newspaper.

47. The Plaintiff did not owe the Debt at any time in 2014.

48. ASC's attempts within the prior year to collect the Debt caused the Plaintiffs severe emotional distress.

49. Harmon's attempt to collect the Debt, and the threat to publicize the Debt in a newspaper, caused the Plaintiffs severe emotional distress.

**Application of the FDCPA**

50. At all times relevant to this Complaint, ASC was engaged in the business of regularly collecting consumer debts, originally owed to third parties, using the mail to communicate with residents of Rhode Island.

51. At all times relevant to this Complaint, Harmon Law Offices, PC, was engaged in the business of regularly collecting consumer debts, originally owed to third parties, using the mail to communicate with residents of Rhode Island.

52. At all times relevant to this Complaint, ASC was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692a (6).

53. At all times relevant to this Complaint, Harmon was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692a (6).

54. Within the past year ASC mailed the Plaintiffs at least one letter while acting as a Debt Collector attempting to collect the Debt from the Plaintiffs.

55. Within the past year Harmon Law Offices, PC mailed at least one letter to the Plaintiffs while acting as a Debt Collector attempting to collect the Debt from the Plaintiffs.

**Count 1 – Federal FDCPA – False/Misleading Representations**

56. The Plaintiffs reassert the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

57. The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false and/or misleading representations.

58. The restrictions are codified at 15 U.S.C. 1692e.

59. The Defendants did the following which the Plaintiff asserts gave rise to the violations:

a. falsely represented the character, amount, or legal status of the Debt in violation of 15 U.S.C. 1692e (2)(A);

b. falsely represented or implied that nonpayment of the Debt would result in the seizure or sale of property although such action was unlawful in violation of 15 U.S.C. 1692e (4);

c. threatened to take an action that could not legally be taken in violation of 15 U.S.C. 1692e (5);

d. falsely represented or implied that the Plaintiffs committed conduct in order to disgrace the Plaintiffs in violation of 15 U.S.C. 1692e (7);

e. threatened to communicate to any person credit information which they knew, or which they should have known, to be false in violation of 15 U.S.C. 1692e (8);

f. used a false representation or deceptive means to attempt to collect the Debt in violation of 15 U.S.C. 1692e (10);

g. used a business, company, or organization name other than the true name of the debt collector's business, company, or organization in violation of 15 U.S.C. 1692e (14);

60. The Plaintiffs suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiffs request judgment against each Defendant for actual damages pursuant to 28 U.S.C. 1692k (a)(1), statutory damages in the amount of $1,000 pursuant to 28 U.S.C. 1692k (a)(2)(A), costs and attorney fees pursuant to 28 U.S.C. 1692k (a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2 – Federal FDCPA – Harassment/Abuse

61.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

62.  The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from harassing and/or abusing the Plaintiffs.

63.  The restrictions are codified at 15 U.S.C. 1692d .

64.  The Defendants did the following which the Plaintiffs assert gave rise to the violations:

   a. The Defendant ASC sent the Plaintiffs at least 10 letters demanding payment of a Debt they did not owe in violation of 15 U.S.C. 1692d;

   b. The Defendant ASC received the Defendants' letter of November 7th but it did not conduct a reasonable investigation of what the Plaintiffs asserted in it and ASC instead continued to send the Plaintiffs letters demanding payment of a debt they did not owe, and even sent a foreclosure law firm after the Plaintiffs, in violation of 15 U.S.C. 1692d; and

   c. The Defendant Harmon pursued the Plaintiffs for a Debt they did not owe and even threatened to publicize the Debt in a newspaper thereby exposing the Plaintiffs to unjustified embarrassment and publicity in violation of 15 U.S.C. 1692d.

65. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiffs request judgment against each Defendant for actual damages pursuant to 28 U.S.C. 1692k (a)(1), statutory damages in the amount of $1,000 pursuant to 28 U.S.C. 1692k (a)(2)(A), costs and attorney fees pursuant to 28 U.S.C. 1692k (a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 3 – State - Invasion of Privacy

66. The Plaintiff Brenda Pimental reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

67. The letters the Defendants sent to the Plaintiff Brenda Pimental intruded on her physical solitude and/or seclusion at her home.

68. Her home was a place entitled to be private and/or would be expected to be private.

69. The letters were offensive and/or objectionable to a reasonable person.

70. The letters were intentional, malicious and outrageous.

71. As a result of the Defendants' conduct, the Plaintiff Brenda Pimental suffered damages including mental pain and suffering.

**Wherefore**, the Plaintiff Brenda Pimental requests judgment against each Defendant for actual damages, costs and attorney fees pursuant to RIGL 9-1-28.1(b), punitive damages, and such other relief as the Court may deem just and appropriate.

The Plaintiffs,
By Counsel,

_____
Citadel Consumer Litigation, P.C.
John T. Longo, Esq./#4928
996 Smith Street, Suite 101
Providence, RI 02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

## Jury Demand

The Plaintiffs demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928

My File #: FD **3630**