UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                  )
BRENDA PIMENTAL AND LUIS          )
PIMENTAL,                         )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )   C.A. No. 14-494 S
                                  )
WELLS FARGO BANK, N.A., AND       )
HARMON LAW OFFICES, P.C.,         )
                                  )
        Defendants.               )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On September 4, 2015, United States Magistrate Judge Patricia A. Sullivan issued a Report and Recommendation ("R&R") in the above-captioned matter. (ECF No. 20.) The R&R recommends that the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (ECF No. 13) be DENIED and the motion for judgment on the pleadings filed by Defendant Harmon Law Offices, P.C. ("Harmon") (ECF NO. 14) be GRANTED.[1]  After careful consideration of the R&R and Wells Fargo's objection (ECF No. 23-1), the Court

---

[1] The R&R only addresses Counts 1 and 2, which allege violations of the Fair Debt Collections Practices Act, noting that Plaintiffs had agreed on the record to voluntarily dismiss Count 3 (Invasion of Privacy) pursuant to Fed. R. Civ. P. 41(a)(2). (R&R 1 n.1, 5 n.7, ECF No. 20.)  The Court entered Plaintiffs' Notice of Voluntary Dismissal as to Count 3 (ECF No. 21) on September 11, 2015.

hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the R&R for the reasons that follow. The relevant facts, procedural background, and analysis are fully set forth in the R&R. The Court limits its discussion to and presents only those facts pertinent to Wells Fargo's objection.

The R&R found that Plaintiffs had sufficiently alleged that Wells Fargo qualified as a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"). Wells Fargo's objection contends that Magistrate Judge Sullivan's recommendation "impermissibly lowers Plaintiffs' burden" by failing to require Plaintiffs to plead and establish: 1) that debt collection is "the principal purpose" of Wells Fargo's business; and 2) that Wells Fargo deceived Plaintiffs into believing that a third party was collecting the debt from them. (Wells Fargo's Obj. to the R&R 1, ECF No. 23-1.) The Court will address each of these arguments in turn.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Although creditors are generally not covered by the FDCPA, "any creditor who, in the process of

2

collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" is considered a "debt collector."  Id.

The R&R found that Wells Fargo "falls outside of the exemption from the definition of an FDCPA debt collector available to a creditor collecting its own debt" because Plaintiffs pled that the name America's Servicing Company ("ASC") improperly suggested that a third party was collecting Wells Fargo's debt. (R&R 14, ECF No. 20.)  Wells Fargo's first argument that its "principal purpose" is not debt collection seems to misunderstand Magistrate Judge Sullivan's recommendation.  She did not find that Wells Fargo meets the general definition of a debt collector, but rather that, due to its use of the ASC name, Plaintiffs have adequately pled that it falls into the exception for a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  See 15 U.S.C. § 1692a(6).  Wells Fargo is correct that Plaintiffs did not plead that its principal purpose is debt collection (nor could they), but this is irrelevant to whether Wells Fargo nonetheless falls into the creditor exception, as the R&R found.

Wells Fargo's second argument does not fare much better.  As an initial matter, "the FDCPA does not require that a plaintiff

3

actually be confused." Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 103 (1st Cir. 2014). Therefore, Plaintiffs do not, as Wells Fargo claims, need to plead that "Wells Fargo deceived Plaintiffs into believing that a third party was collecting the debt from them." (Wells Fargo's Obj. to R&R 1, ECF No. 23-1.) Instead, Plaintiffs must plead facts showing that a "hypothetical unsophisticated consumer" would have been misled by Wells Fargo's use of the ASC name. See Pollard, 766 F.3d at 103 (rejecting the "least sophisticated consumer" standard used in a majority of the circuits in favor of the "hypothetical unsophisticated consumer" standard).

Wells Fargo makes much of the allegation that ASC's letter "did not contain the words Wells Fargo anywhere on its front." (Compl. ¶ 42, ECF No. 1; see Wells Fargo's Obj. to the R&R 4, ECF No. 23-1 ("Indeed, the 'anywhere on its front' allegation is particularly telling, as Plaintiffs are not in fact claiming that nowhere did the letter identify that ASC is a part of Wells Fargo." (emphasis in original)).) The Court is not persuaded. The words "anywhere on its front" are somewhat ambiguous as they could refer to the front page of the letter only, or to the letter's face more generally; however, reading the Complaint in the light most favorable to Plaintiffs - as the Court must at this stage – Plaintiffs plausibly allege that, based on the letter, a

4

hypothetical unsophisticated consumer would not know that ASC was affiliated with Wells Fargo.

Wells Fargo also rests heavily on its assertion that "courts have uniformly held that Wells Fargo is not subject to liability as under [sic] the FDCPA for servicing mortgage loan accounts, notwithstanding its use of the ASC name." (Wells Fargo's Obj. to R&R 6-8, ECF No. 23-1.) This statement is somewhat misleading. First, several cases note that Wells Fargo/ASC could be a debt collector if the debt was acquired after default, as Plaintiffs allege here. (Compl. ¶ 16, ECF No. 1); see, e.g., Dietz v. Quality Loan Serv. Corp. of Washington, No. C13-5948 RJB, 2014 WL 29672, at *4 (W.D. Wash. Jan. 3, 2014) ("Dietz argues that the loan was in default at the time of assignment and thus, Wells Fargo is a debt collector. . . . The undisputed facts, however, indicate that Wells Fargo purchased the loan in 2008, prior to Dietz's default." (citation omitted)); Famatiga v. Mortg. Elec. Registration Sys., Inc., No. 10-10937, 2011 WL 3320480, at *10 (E.D. Mich. Aug. 2, 2011) ("ASC began servicing Plaintiffs' loan in July of 2005 and Plaintiffs did not default on their loan until 2007. Plaintiffs' debt was not in default at the time it was obtained by ASC, and ASC is therefore not a 'debt collector' under the FDCPA."); Robbins v. Mortg. Elec. Registration Sys., Inc., No. 1:09-CV-295, 2009 WL 3757443, at *5 (W.D. Mich. Nov. 9, 2009) ("Defendants do not

contend that the mortgage was not in default at the time that ASC began servicing the loan. Thus, Mortgage Defendants' motion to dismiss Count Four will be denied with respect to ASC.").

Second, as Magistrate Judge Sullivan notes, "in none of these cases did the court face the claim that the ASC name was used falsely to cause the consumers to believe that the debt was being collected, not by Wells Fargo to which it was owed, but rather by an apparent third party." (R&R 16, ECF No. 20). The case that comes closest to addressing this issue is Johnson v. Wells Fargo Home Mortg., Inc., No. 3:05-CV-0321-RAM, 2007 WL 3226153, at *10 (D. Nev. Oct. 29, 2007), aff'd in part, 635 F.3d 401 (9th Cir. 2011), where the plaintiff argued that he "did not discover ASC was actually [the defendant] until prior to filing his complaint and not knowing this relationship would lead a person to believe the debts were being collected by a third party"; however, there, the court rejected Plaintiff's argument because of his failure to make that allegation in his complaint. Id. at *10 ("Plaintiff's Amended Verified Complaint fails to allege that Wells Fargo used a name which would indicate a third person was collecting or attempting to collect a debt."). Here, this is precisely what Plaintiffs allege.

Wells Fargo further contends that "Plaintiffs are alleging in their Complaint that Wells Fargo used the same name for servicing

6

their loan as it did while allegedly attempting to collect the defaulted debt on their loan" and thus "[t]here is no deception of pretending to be a third party debt collector claimed here." (Wells Fargo's Obj. to R&R 5, ECF No. 23-1.) Specifically, Wells Fargo points to Plaintiffs' allegation that "[a]t the time ASC acquired the right to collect the payments from the Plaintiffs, the Plaintiffs had not made at least one payment due under the Promissory Note and Mortgage and the Debt was in default." (Id. at 4 (emphasis added) (quoting Compl. ¶ 16, ECF No. 1).) However, the Complaint also defines ASC as "a fictious [sic] name for Wells Fargo Bank, NA." (Compl. ¶ 10, ECF No. 1.) Thus, although not a model of clarity, the Complaint does arguably allege that the use of the ASC name to collect the debt was deceptive.[2]

---

[2] Wells Fargo also states that "[m]ortgage loan servicers are not debt collectors under the FDCPA." (Wells Fargo's Obj. to R&R 5, ECF No. 23-1.) Contrary to this blanket assertion, the case law "does not hold that mortgage servicing companies are categorically exempt from liability under the FDCPA. It holds that a mortgage servicing company is exempt if the mortgage was not in default at the time that it began servicing the loan." Robbins v. Mortg. Elec. Registration Sys., Inc., No. 1:09-CV-295, 2009 WL 3757443, at *5 (W.D. Mich. Nov. 9, 2009) (emphasis in original). As noted above, Plaintiffs have alleged that at the time the debt was acquired, it was in default. (Compl. ¶ 16, ECF No. 1.)

For these reasons, the R&R is ADOPTED, Wells Fargo's Motion to Dismiss is hereby DENIED, and Harmon's Motion for Judgment on the Pleadings is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date: January 5, 2016